Francisco **GONZALEZ DUENAS**; Lourdes **Villagra De Gonzalez**, Petitioner,

v.

Eric H. **HOLDER** Jr., Attorney General, Respondent.

Nos. 07–70950, 07–73412.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 16, 2010.*

Filed Feb. 23, 2010.

Daniel P. Hanlon, Esq., Hanlon & Greene, Pasadena, CA, Francisco Gonzalez Duenas, Fontana, CA, for Petitioner.

CAC–District, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Daniel E. Goldman, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, FOR Respondent.

Before: FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**MEMORANDUM ***

In these consolidated petitions, Francisco Gonzalez Duenas and Lourdes Villagra De Gonzalez, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's decision denying their applications for cancellation of removal, and the BIA's order denying their motion to reopen based on ineffective assistance of counsel. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law and claims of due process violations, including those due to ineffective assistance of counsel, and we review for abuse of discretion the denial of a motion to reopen. *Mohammed v. Gonzales,* 400 F.3d 785, 791–92 (9th Cir.2005). We dismiss the petition for review in No. 07–70950, and we deny the petition for review in No. 07–73412.

We lack jurisdiction to review the agency's discretionary determination that petitioners failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 929–30 (9th Cir.2005).

We agree that petitioners failed to demonstrate that the performance of their prior representatives resulted in prejudice, and thus their ineffective assistance of counsel claim fails. *See Rojas–Garcia v. Ashcroft,* 339 F.3d 814, 826 (9th Cir.2003) (petitioner must demonstrate prejudice to prevail on an ineffective assistance of counsel claim).

In light of our disposition, we do not reach petitioners' remaining contention.

In No. 07–70950: **PETITION FOR REVIEW DISMISSED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

In No. 07–73412: PETITION FOR RE-VIEW DENIED.